**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARJORIE M. GILLESPIE, ET AL., | |
| Plaintiffs, | CIVIL ACTION NO. 3:15-CV-0950 |
| v. | (JUDGE CAPUTO) |
| LORI DRING AND NANCY ASARO, | |
| Defendants. | |

## MEMORANDUM

Presently before me is Defendants' Motion for Reconsideration of my Memorandum and Order granting in part and denying in part Defendants' motion to dismiss Plaintiffs' Complaint. (Doc. 20.) Defendants request that I vacate Section III.A of the Memorandum to the extent it constitutes a determination that (1) the Settlement Agreement did not create a condition precedent or (2) there has been no material breach of the Settlement Agreement excusing Defendants' obligation to Plaintiffs under the Agreement. Although Defendants have failed to demonstrate a clear error of law or a manifest injustice in my ruling that the plain language of their Settlement Agreement with Plaintiffs did not create a condition precedent, the language at issue is ambiguous and therefore, Defendants are entitled to present parol evidence regarding the original intent of the parties. Accordingly, their motion for reconsideration will be granted in part and denied in part.

### I. Background

Because the factual and procedural history are both well known to the parties and stated in my prior Memorandum (Doc. 15), I need not repeat them here other than to note the following:

Plaintiffs and Defendants in this action executed a Settlement Agreement (the "Agreement") to resolve a prior action entitled *Ariel Land Owners, Inc. v. Lori Dring & Nancy Asaro*, No. 3:01-cv-0294 (M.D. Pa.) (the "Prior Action"). The plaintiff in the Prior Action, Ariel Land Owners ("ALO"), was also involved in the Agreement. A critical issue of dispute

in this litigation is whether that Agreement requires Defendants to convey an easement right to Plaintiffs over a parcel of land known as the West Shore Strip.

On July 17, 2015, Defendants filed a motion to dismiss Plaintiffs' Complaint in its entirety. (Docs. 6 & 9.) The motion was fully briefed and oral argument on that motion was held on September 29, 2015. On October 6, 2015, I issued a Memorandum and Order granting in part and denying in part Defendants' motion to dismiss. Specifically, I granted Defendants' motion to dismiss Plaintiffs' promissory estoppel claim in Count II and Plaintiffs' claim for declaratory relief regarding an easement over the West Shore Strip in Counts III and IV of the Complaint. However, I denied Defendants' motion to dismiss Plaintiffs' claim in Count I of their Complaint seeking damages and an order requiring Defendants to transfer an easement over the West Shore Strip. Although Defendants do not seek reconsideration of my decision to deny their motion to dismiss this claim, they do seek reconsideration of a portion of my Memorandum discussing this claim.

## II. Legal Standard

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café, by Lou–Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). Reconsideration motions also may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *Hill v. Tammac Corp.*, Civ. A. No. 05–1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration is an extraordinary remedy, and should be granted sparingly.

*D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

### III. Discussion

On November 19, 2015, Defendants filed a motion for reconsideration of my Memorandum and Order granting in part and denying in part their motion to dismiss Plaintiffs' Complaint.[1]  (Docs. 20 & 21.)  Specifically, Defendants request that I vacate Section III.A of the Memorandum to the extent it constitutes a determination that (1) the Agreement did not create a condition precedent to Defendants' obligation to Plaintiffs or (2) there has been no material breach of the Agreement excusing Defendants' obligation to Plaintiffs.  (Doc. 21, at 2.)

First, Defendants argue that the plain language of the Agreement creates a condition precedent to any obligation Defendants had to Plaintiffs under the Agreement. (Doc. 21, at 8-10.)  Specifically, Defendants argue that Section 15 of the Agreement, which requires the mutual exchange of all deeds and other instruments, requires ALO to execute and deliver various instruments detailed in Section 5 of the Agreement to Defendants as a ***condition precedent*** to Defendants' obligation to convey any easement in favor of Plaintiffs.[2]  (Doc. 20, ¶ 13.)  Defendants argue that they have no obligation to Plaintiffs until this condition precedent has been satisfied.

A condition is defined as an "act or event which must occur before a duty of performance under an existing contract becomes absolute."  *Castle v. Cohen*, 840 F.2d 173, 177 (3d Cir. 1988) (citation and internal quotation marks omitted).  If a contract contains a condition precedent, then the condition precedent must occur before a duty to

---

[1] On October 16, 2015, I granted Defendants' motion to extend the deadline for filing their Motion for Reconsideration to November 19, 2015.  (Doc. 19.)

[2] Section 15 of the Agreement provides as follows:

> All Deeds and other instruments referred to herein shall be exchanged by the parties at a mutually convenience [sic] time within 30 days after obtaining the subdivision approval set forth in Section 2 hereof.

(Doc. 6-1, Defs.' Ex. A, Settlement Agreement, § 15.)

3

perform under the contract arises. *Acme Markets, Inc. v. Fed. Armored Exp., Inc.*, 437 Pa. Super. 41, 46 (1994).

Here, Defendants simply re-hash the same arguments that I already considered and rejected in my Memorandum and Opinion. They provide no intervening change in law to support their argument that the language unambiguously created a condition precedent, nor do they demonstrate that it was a clear error of law to rule that the plain language did not create a condition precedent. Additionally, Defendants fail to demonstrate that a reconsideration of this argument is necessary to prevent a manifest injustice. Accordingly, this portion of Defendants' motion will be denied.

In the alternative, Defendants argue that if the Agreement is unclear in its creation of a condition precedent, then there is an ambiguity in the Agreement, which requires the consideration of parol evidence to resolve. (Doc. 20, ¶ 15.) Here, the language at issue is not clearly written as a condition precedent and therefore, is presumed not to be one. *Mellon Bank, N.A. v. Aetna Bus. Credit Inc.*, 619 F.2d 1001, 1016 (3d Cir. 1980) ("Language not clearly written as a condition precedent is presumed not to be, unless the contrary clearly appears to be the intention of the parties."); *Shook of W. Va., Inc. v. York City Sewer Auth.*, 756 F. Supp. 848, 851, 854 (M.D. Pa. 1991) ("[L]anguage in a contract not clearly identified as a condition precedent is presumed not to be one. . . . an act or event in a contract must not be construed as a condition precedent unless it is expressly made so or unless it clearly appears to have been the intention of the parties."). However, as I acknowledged in my Memorandum, the language is ambiguous as to whether a condition precedent was created. (Doc. 15, at 8-9.) Therefore, Defendants are entitled to submit parol evidence to the extent they can show that the parties clearly intended to create a condition precedent. *See Whelan v. CareerCom Corp.*, 711 F. Supp. 198, 199-200 (M.D. Pa. 1989); *Acme Markets*, 648 A.2d at 1221. Accordingly, to the extent that Section III.A of my October 6, 2015 Memorandum can be construed as a final determination that the Settlement Agreement did not create a condition precedent, that section will be vacated.

Defendants also request that Section III.A of the Memorandum be vacated to the extent it constitutes a determination that there has been no material breach of the Settlement Agreement excusing Defendants' obligation to Plaintiffs under Section 3. (Doc. 21, at 2.)  Because Defendants are permitted to submit parol evidence to argue that the parties *did* intend to create a condition precedent to Defendants' obligation to Plaintiffs, this portion of Defendants' motion will be granted.[3]  The issue of whether there was a material breach of the Agreement excusing Defendants' obligation to Plaintiffs is not ripe for determination until it is shown whether a condition precedent was intended or not.  Accordingly, to the extent that Section III.A of the Memorandum can be construed as a determination that there has been no material breach of the Agreement excusing Defendants' obligation to Plaintiffs under Section 3, it will be vacated.

### III. Conclusion

For the above stated reasons, Defendants' motion for reconsideration will be granted in part and denied in part.

An appropriate order follows.

January 19, 2016  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

[3]  In their opposition to Defendants' motion to dismiss, Plaintiffs also argued that even assuming a condition precedent was intended, satisfaction of that condition is excused when non-occurrence would cause a disproportionate forfeiture. I did not rule on this argument given my prior determination that there was no condition precedent. I need not rule on this argument now either because this Memorandum does not disturb my denial of Defendants' motion to dismiss this claim. Plaintiffs are free to make this argument later should it be determined that a condition precedent was intended.