## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARJORIE M. GILLESPIE, et al.,

        Plaintiffs,

        v.

LORI DRING AND NANCY ASARO,

        Defendants.

NO. 3:15-CV-00950

JUDGE CAPUTO

## **DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

ROSENN, JENKINS & GREENWALD, LLP

ROBERT N. GAWLAS JR., ESQUIRE
Atty. I.D. No. 46608
GARRY S. TAROLI, ESQUIRE
Atty. I.D. No. 30159
ROBERT L. GAWLAS, ESQUIRE
Atty. I.D. No. 323299
15 South Franklin Street
Wilkes-Barre, PA 18711-0075
rgawlas@rjglaw.com
(570) 826-5654 – telephone
(570) 706-3436 – facsimile

DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP

MICHAEL PROFITA

Attorneys for Defendants,
Lori Dring and Nancy Asaro

936484.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARJORIE M. GILLESPIE, et al.,

        Plaintiffs,

        v.

LORI DRING AND NANCY ASARO,

        Defendants.

NO. 3:15-CV-00950

JUDGE CAPUTO

## **DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

ROSENN, JENKINS & GREENWALD, LLP

ROBERT N. GAWLAS JR., ESQUIRE
Atty. I.D. No. 46608
GARRY S. TAROLI, ESQUIRE
Atty. I.D. No. 30159
ROBERT L. GAWLAS, ESQUIRE
Atty. I.D. No. 323299
15 South Franklin Street
Wilkes-Barre, PA 18711-0075
rgawlas@rjglaw.com
(570) 826-5654 – telephone
(570) 706-3436 – facsimile

DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP

MICHAEL PROFITA

Attorneys for Defendants,
Lori Dring and Nancy Asaro

# TABLE OF CONTENTS

Page

I.     INTRODUCTION..................................................    1

II.    RELEVANT PROCEDURAL HISTORY.............................    2

III.   RELEVANT FACTUAL BACKGROUND............................    2

IV.    STATEMENT OF QUESTIONS PRESENTED.......................    2

V.     ARGUMENT....................................................    3

       A.  Legal Standard............................................    3

       B.  Dring/Asaro Have Not Received the Instruments of
           Conveyance They Were Entitled to and, Therefore, Are Not
           Obligated to Deliver a Quit Claim Deed Subject to a
           Permanent Easement in Favor of Plaintiffs Defendants' Brief
           In Support Of Motion For Summary Judgment...............    4

       C.  Plaintiffs' Release of Dring/Asaro Bars Their Claim for
           Prescriptive Easements....................................    8

       D.  Plaintiffs Have Failed to Establish the Requirements for a
           Prescriptive Easement Over the West Shore Strip............    9

              1.  Plaintiffs have not established that their use of the West
                  Shore Strip was adverse or continuous..................    9

              2.  Plaintiffs have not established that their use of the property
                  was continuous for the statutory time period............    11

              3.  Plaintiffs cannot tack their use of the property onto their
                  Alleged predecessor's uses............................    13

VI.    CONCLUSION...................................................    16

i

# TABLE OF AUTHORITIES

**Cases**                                                                       **Page**

A. Scott Enterprises, Inc. v. City of Allentown, 636 Pa. 249, 142 A.3d 779 (2016) ................................................................................................... 9

A.G. Cullen Const. Inc. v. State System of Higher Educ., 898 A.2d 1145 (Pa. Cmwlth. 2006)................................................................................. 8

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ....................................... 3,4

Baylor v. Soska, 540 Pa. 435, 658 A.2d 743 (1995)............................................. 14

Black v. Jamison, 913 A.2d 313 (Pa. Cmwlth. 2006)............................................. 8

Celotex Corporation v. Catrett, 477 U.S. 317 (1986) ........................................... 3

Davis ex rel. Davis v. Government Employees Ins. Co., 775 A.2d 871 (Pa. Super. 2001) ...................................................................................... 8

Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp., 812 F.2d 141 (3d Cir. 1987) .................................................................................. 3

Evans v. Marks, 421 Pa. 146, 218 A.2d 802 (1966) .............................................. 8

Feld v. Primus Technologies Corp., 97 Fed. R. Evid. Serv. 777, 2015 WL 2357082 (M.D. 2015)............................................................................... 5

Flannery v. Stump, 786 A.2d 255 (Pa. Super. 2001) ............................................ 10

Gans v. Mundy, 762 F.2d 338 (3d Cir. 1985)......................................................... 3

Garrett v. Jackson, 20 Pa. 331 (1853) ................................................................... 10

Keefer v. Jones, 467 Pa. 544, 359 A.2d 735 (1976) .............................................. 10

929597.2

Kent v. Fair, 392 Pa. 272, 140 A.2d 445 (1958) ........................................................ 8

Lednak v. Swatsworth, 33 D. & C.3d 535 (1984).................................................... 14

Levendos v. Stern Entertainment, Inc., 860 F.2d 1227 (3d Cir. 1988)..................... 3

Linefsky v. Redevelopment Auth. of City of Philadelphia, 698 A.2d 128
   (Pa. Cmwlth. 1997)................................................................................................ 7

Loughran v. Matylewicz, 367 Pa. 593, 81 A.2d 879 (1951)................................... 11

Margolin v. Pa. R.R. Co., 403 Pa. 195, 168 A.2d 320 (1961) ............................... 10

Matsushita Elec. Industrial Co. v. Zenigh Radio Corp., 475 U.S. 574 (1986) ......... 4

Matakitis v. Woodmansee, 667 A.2d 228 (Pa. Super. 1995).................................. 13

McCausland v. Wagner, 78 A.3d 1093 (Pa. Super. 2013)........................................ 4

McCormick v. Camp Pocono Ridge, Inc. II, 781 F. Supp. 328 (M.D. Pa. 1991)... 14

McShea v. City of Philadelphia, 606 Pa. 88, 995 A.2d 334 (2010).......................... 4

Miller v. Lutheran Conference & Camp Ass'n, 331 Pa. 241, 200 A. 646 (1938) .. 11

Ness v. Marshall, 660 F.2d 517 (3d Cir. 1981)......................................................... 4

Norfolk Southern Railway Company v. Basell USA Inc., 512 F.3d 86
   (3d Cir. 2008) ........................................................................................................ 4

Ocirne, Inc. v. New Tees Co., L.P., 2014 WL 10979686 ....................................... 15

Pittsburgh & L.E. R. Co. v. Stowe Twp., 374 Pa. 54, 96 A.2d 892 (1953).............. 9

Scott v. Harris, 550 U.S. 372 (2007)........................................................................ 4

Shinn v. Rosenberger, 347 Pa. 504, 32 A.2d 747 (1943).......................................... 9

Three Rivers Motors Co. v. Ford Motor Co., 522 F.2d 885 (3d Cir. 1975) ............. 8

iii

Tops Apparel Mfg. Co. v. Rothman, 430 Pa. 583, 244 A.2d 436 (1968)................. 7

U.S. v. Catena, 500 F.2d 1319 (3d Cir. 1974)............................................................ 5

Walley v. Iraça, 520 A.2d 886 (Pa. Super. 1987). ..................................................... 9

Waltimyer v. Smith, 556 A.2d 912 (Pa. Super. 1989). ............................................. 9

Wastak v. Lehigh Valley Health Network, 342 F.3d 281(3d Cir. 2003) ................ 14

Watkins v. Watkins, 775 A.2d 841(Pa. Super. 2001) ............................................. 14

**Rules**

Fed. R.Civ.P 56(c) .................................................................................................... 3

Fed. R. Evid. 801(d)(2)(D) ...................................................................................... 10

iv

929597.2

## <u>DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

Defendants, LORI DRING and NANCY ASARO ("Dring/Asaro"), through their attorneys, Rosenn, Jenkins & Greenwald, LLP and Michael Profita, Esquire, submit the instant Brief in support of their Motion for Summary Judgment pursuant to Fed. R. Civ. 56 and Local Rule of Court 56.1.

## I.    <u>INTRODUCTION</u>

Defendants seek judgment in their favor and against Plaintiffs ("Property Owners") on all claims asserted in Plaintiffs' Amended Complaint.  Plaintiffs' claim that Defendants breached the Settlement Agreement at issue fails as a matter of law, because Dring/Asaro have not received the instruments of conveyance they were entitled to pursuant to the Settlement Agreement and, therefore, are not obligated to convey a quit claim deed to Ariel Land Owners, ("ALO") subject to a permanent easement in favor of the Property Owners.

Plaintiffs' claim to prescriptive easements over the West Shore Strip also fails as a matter of law, as Plaintiffs have released Dring/Asaro from any claims relating to the West Shore Strip except those provided for in the Settlement Agreement. Even had they not released their claims, Plaintiffs have failed to establish easements by prescription by virtue of the doctrine of adverse possession under Pennsylvania law.

1

929597.2

## II.  RELEVANT PROCEDURAL HISTORY

After Defendants' Motion to Dismiss (Doc. 6) was granted in part and denied in part (Doc. 16), Plaintiffs filed an Amended Complaint (Doc. 22). Defendants filed their Answer, Affirmative Defenses and Counterclaim (Doc. 25) and Plaintiffs filed their Answer to Defendant's Counterclaim (Doc. 26). The pleadings are now closed and discovery has been completed, except for the exchange of expert reports.

## III.  RELEVANT FACTUAL BACKGROUND

Defendants incorporate by reference paragraphs 1 through 52 of their Statement of Undisputed Material Facts (hereinafter as "S.F. ¶ __"), which was filed in conjunction with Defendants' Motion for Summary Judgment in accordance with Local Rule of Court 56.1.

## IV.  STATEMENT OF QUESTIONS PRESENTED

1.  Whether Defendants are entitled to summary judgment because they did not breach the Settlement Agreement?

**SUGGESTED ANSWER: YES**

2.  Whether Plaintiffs have released Defendants from all claims relating to the West Shore Strip other than those provided for in the Settlement Agreement?

**SUGGESTED ANSWER: YES**

3.  Whether Plaintiffs have failed to establish the requirements for prescriptive easements over the West Shore Strip?

**SUGGESTED ANSWER: YES**

2

929597.2

## V.   ARGUMENT

### A.   Legal Standard

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986); Norfolk Southern Railway Company v. Basell USA Inc., 512 F.3d 86, 91 (3d Cir. 2008). An issue is "genuine" only if the evidence is such that a reasonable jury could find in favor of the party opposing the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986); Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp., 812 F.2d 141, 144 (3d Cir. 1987). A fact is "material" only if it might affect the outcome of the case under governing law. Anderson, 477 U.S. at 248; Levendos v. Stern Entertainment, Inc., 860 F.2d 1227, 1233 (3d Cir. 1988).

The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once it does so, the non-moving party must present affirmative evidence to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 256-57. The party resisting the motion cannot successfully rely upon mere assertions, conclusory allegations, or suspicions. Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985), cert. denied, 474 U.S.

3

929597.2

1010 (1985); Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-248 (emphasis added).

The record in this case demonstrates that there is no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law.

**B.    Dring/Asaro Have Not Received the Instruments of Conveyance They Were Entitled to and, Therefore, Are Not Obligated to Deliver a Quit Claim Deed Subject to a Permanent Easement in Favor of Plaintiffs.**

To successfully maintain a cause of action for breach of contract, Plaintiffs must establish: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. McShea v. City of Philadelphia, 606 Pa. 88, 97, 995 A.2d 334, 340 (2010); McCausland v. Wagner, 78 A.3d 1093, 1101 (Pa. Super. 2013). Here, Count I alleges that Defendants breached the Settlement Agreement by "fail[ing] to transfer the easement to [the Property Owners] as required by the Settlement Agreement." See Am. Compl. at ¶ 34.

4

929597.2

However, the Settlement Agreement does not require Dring/Asaro to convey an easement directly to the Property Owners. Instead, Dring/Asaro's obligation was to convey to ALO a quit claim deed subject to an easement in favor of the Property Owners under Section 3. This obligation never arose, because Dring/Asaro did not receive the instruments of conveyance they were entitled to pursuant to Section 5 of the Settlement Agreement.

As admitted by the Property Owners' counsel (who signed the Settlement Agreement and the Amendment on behalf of the Property Owners), the intention of Section 3 was that the easement in favor of the Property Owners was to be created in the quit claim deed to be delivered to ALO, and all of the deeds and instruments provided for in the Settlement Agreement were to be exchanged, at the same time, pursuant to Section 15. (S.F. ¶¶ 3 through 5, 9 through 14). An attorney's statement made within the scope of his authority is an admission by the party he represents. See U.S. v. Catena, 500 F.2d 1319, 1327 (3d Cir. 1974); Feld v. Primus Technologies Corp., 97 Fed. R. Evid. Serv. 777, 2015 WL 2357082 (M.D. 2015). See also Fed. R. Evid. 801(d)(2)(D). (A statement offered against the party and made by the party's agent or employee on a matter within the scope of that relationship and while it existed is admissible against the party). Even if the Settlement Agreement did provide for the conveyance of an easement directly to the Property Owners, however, it would still be subject to the terms of the Section 15.

929597.2

Section 5 required ALO to execute and deliver to Dring/Asaro instruments of conveyance, in recordable form, transferring to Dring/Asaro four lake rights and a permanent easement over a parcel of Cardinal Lane identified as the "Dock Area." In Section 5(b) of the Settlement Agreement, ALO warranted to Dring/Asaro that it had good and marketable title to the Dock Area at Cardinal Lane, and the right to grant the required easement to Dring/Asaro.

However, ALO never had good and marketable title to Cardinal Lane and has failed to convey the permanent easement provided for at Section 5. (S.F. ¶¶ 15 through 35; Exhibit "5," Affidavit of R. Anthony Waldron, Esquire).

The undisputed material facts of record demonstrate that, contrary to its representations and warranties in Section 5(b) of the Settlement Agreement, ALO never had good and marketable title to the Dock Area at Cardinal Lane nor the right to grant Defendants the easement over the Dock Area on Cardinal Lane as required by the Settlement Agreement, because the Cardinal Lane parcel had been conveyed to Salvatore and Elly Culotta prior to ALO's purported purchase of it in 2004 and prior to execution of the Settlement Agreement. (S.F. ¶¶ 17 through 29; Exhibit "5," Waldron Affidavit). ALO's President and its Treasurer, both of whom have been members of the Board of Directors since at least 2004, admitted in their deposition testimony that ALO could not warrant that it has good and marketable title to Cardinal Lane. (S.F. ¶¶ 27, 28; Exhibits "9" and "10"). Moreover, ALO, in its

6

929597.2

verified complaints against Michael Lehutsky, Esquire and Robert Swingle, has admitted that Swingle did not, in fact, own Cardinal Lane when it was purportedly conveyed by him to ALO on January 12, 2004.  (S.F. ¶¶ 24, 29; Exhibits "5" and "11").  Tops Apparel Mfg. Co. v. Rothman, 430 Pa. 583, 588, 244 A.2d 436, 438-39 n.9 (1968); Linefsky v. Redevelopment Auth. of City of Philadelphia, 698 A.2d 128, 133-34 (Pa. Cmwlth. 1997) (facts judicially admitted in one proceeding are admissible as evidential admissions in another proceeding).

In July of 2014, Dring/Asaro's counsel demanded adequate assurances that ALO had good and marketable title to the Cardinal Lane parcel and the ability to convey to Plaintiffs the easement over the Dock Area required by Section 5.  (S.F. ¶¶ 30; Exhibit "12").  As no adequate assurances were forthcoming, Dring/Asaro's counsel scheduled a time of the essence closing on November 18, 2014 for the exchange of the deeds and other instruments required to be mutually exchanged pursuant to Section 15. However, ALO and the Property Owners failed to appear at the closing, and ALO did not tender the instruments of conveyance required by Section 5 of the Settlement Agreement.  (S.F. ¶¶ 31 through 34; Exhibit "13").

Because of ALO's failure to tender a conveyance of the Cardinal Lane easement to Dring/Asaro, they are under no obligation to convey the quit claim deed to ALO, which would be subject to a permanent easement in favor of the Property Owners, although Dring/Asaro were ready, willing, and able to do so.

7

**C.  Plaintiffs' Release of Dring/Asaro Bars Their Claim for Prescriptive Easements.**

Pursuant to Section 6 of the Settlement Agreement, the Property Owners released Dring/Asaro from any and all claims arising out of or relating to the Western Shore Strip. (S.F. ¶ 6; Exhibit "1"). While Plaintiffs' claim for breach of the Settlement Agreement in Count I was not released, the claim in Count II for prescriptive easements over the West Shore Strip has been released.  Therefore, Count II of the Amended Complaint must be dismissed.

Releases are construed according to traditional principles of contract law and a release's effect is to be determined by the ordinary meaning of its language. Black v. Jamison, 913 A.2d 313, 318 (Pa. Cmwlth. 2006); Davis ex rel. Davis v. Government Employees Ins. Co., 775 A.2d 871, 875 (Pa. Super. 2001). A release is governed by the intention of the parties, which must be gathered from the language of the release. Three Rivers Motors Co. v. Ford Motor Co., 522 F.2d 885, 892 (3d Cir. 1975), citing Evans v. Marks, 421 Pa. 146, 218 A.2d 802 (1966). A release is binding upon the parties unless it was procured by fraud, duress, accident, or mutual mistake. Three Rivers Motors Co., Id., citing Kent v. Fair, 392 Pa. 272, 140 A.2d 445 (1958); Black v. Jamison, Id.; Wastak v. Lehigh Valley Health Network, 342 F.3d 281 (3d Cir. 2003); Davis ex rel. Davis, Id. Where the parties manifest an intent to settle all claims, the release will be given full effect even as to unknown claims. Three Rivers Motors Co., 522 F.2d at 896; A.G. Cullen Const. Inc. v. State System

8

929597.2

of Higher Educ., 898 A.2d 1145, 1168 (Pa. Cmwlth. 2006), disapproved on other grounds by A. Scott Enterprises, Inc. v. City of Allentown, 636 Pa. 249, 142 A.3d 779 (2016).

In this case, only the rights and obligations of the parties under the Settlement Agreement are excepted from the terms of the release let forth at Section 6 of the Settlement Agreement. Accordingly, Plaintiffs have released Dring/Asaro from any and all claims arising out of or related to the West Shore Strip, including their claims for prescriptive easements.

### D.   Plaintiffs Have Failed to Establish the Requirements for a Prescriptive Easement Over the West Shore Strip.

"A prescriptive easement is created by (1) adverse, (2) open, (3) notorious, (4) continuous and uninterrupted use for a period of twenty-one (21) years." Walley v. Iraca, 520 A.2d 886, 889 (Pa. Super. 1987); see also Waltimyer v. Smith, 556 A.2d 912, 913-14 (Pa. Super. 1989).  A prescriptive easement must be proven by clear and positive evidence. Pittsburgh & L.E. R. Co. v. Stowe Twp., 374 Pa. 54, 96 A.2d 892 (1953).

### 1. Plaintiffs have not established that their use of the West Shore Strip was adverse or continuous.

To establish a prescriptive easement, the use must not only have been enjoyed without interruption for twenty-one years, but must have been adverse. Shinn v. Rosenberger, 347 Pa. 504, 32 A.2d 747, 748 (1943). A use is adverse only when one

929597.2

uses property "whenever he chooses, over the land of another, without asking leave and without objection." Garrett v. Jackson, 20 Pa. 331 (1853). A use is not adverse if it is the result of some lease, license, indulgence, or special contract. Margolin v. Pa. R.R. Co., 403 Pa. 195, 168 A.2d 320, 322 (1961); Flannery v. Stump, 786 A.2d 255, 258-59 (Pa. Super. 2001).

"[C]ontinuity is established if the evidence shows a settled course of conduct indicating an attitude of mind on the part of the user or users that the use is the exercise of a property right." Keefer v. Jones, 467 Pa. 544, 359 A.2d 735, 737 (1976).

Here, Plaintiffs' use of the West Shore Strip cannot be adverse or continuous, because it was with permission granted to them by ALO. In that regard, the Property Owners' counsel has admitted that, as of the negotiation and execution of the Settlement Agreement, the Property Owners had been using the lake, including the West Shore Strip, with the permission of ALO. (S.F. ¶ 40; Exhibit "3"). See Catena, supra; Feld, supra; Fed. R. Evid. 801(d)(2)(D). This testimony is confirmed by the deeds and leases which have been produced by some of the Property Owners in discovery. (S.F. ¶¶ 42 through 47; Exhibits "19" and "20").

The Property Owners could not possibly have "an attitude of mind … that the use is the exercise of a property right" when they were using the West Shore Strip with the permission of ALO (despite ALO's lack of ownership over the West Shore Strip, ALO and the Property Owners believed that ALO had the right to grant

permission to use it).  Use of the property only with the permission of another is wholly incompatible with a claim to a right to the property.

Plaintiffs' use of the West Shore Strip cannot be adverse or continuous, as it was under a "license, indulgence, or special contract inconsistent with a claim of right."  Accordingly, Plaintiffs' claim for a prescriptive easement over the Strip fails as a matter of law.

### 2. Plaintiffs have not established that their use of the property was continuous for the statutory time period.

The Pennsylvania Supreme Court has found that "the casual use of a lake during a few months each year for boating and fishing could not develop into a title to such privileges by prescription." Loughran v. Matylewicz, 367 Pa. 593, 81 A.2d 879, 882 (1951), citing Miller v. Lutheran Conference & Camp Ass'n, 331 Pa. 241, 200 A. 646, 650 (1938).

In this case, the undisputed facts of record demonstrate that Plaintiffs' uses of the property were casual and seasonal, involving primarily sporadic boating, fishing, and swimming uses in the summer months. (S.F. ¶¶ 45 through 52).

For instance, Plaintiffs broadly assert that "West Shore property owners have used the area of the West Shore Strip for various water related recreational activities, including docks, boating, fishing, swimming, water sports, ice fishing, and ice skating.  This use has been on a regular basis." Partial Answer to Interrogatory No.

929597.2

9.   However, this Answer was not signed by any Plaintiff, and no specific information was provided as to any of the Property Owners.

In Plaintiffs' Supplemental Answers to Interrogatories, more individualized responses were provided by only some of the Plaintiffs, which again were not signed by any of the Plaintiffs.  Some, but not all, of the Plaintiffs alleged using the Strip for occasional summer uses, including boating, kayaking, fishing, swimming, and watersports.  Moreover, most of the Plaintiffs did not allege any winter use of the Strip, indicating that the Strip was almost exclusively during warm months on occasional uses for vacations.

However, a majority of the Plaintiffs failed to identify any use of the Strip, let alone any continuous use. (S.F. ¶ 46).  Several others merely alleged that the Strip was used for "warm and cold weather recreational purposes," or for "recreational purposes," without any explanation regarding the alleged use. (S.F. at ¶¶ 47, 48). None of these Plaintiffs have alleged or proven a continuous use of the Property.

Of the Plaintiffs who did provide the uses of their property, Marjorie Gillespie; Thomas Gillespie; William Hinz; Kathleen Dempsey; Gerard Dempsey; Robert Dempsey; Richard Redling; and Joan Redling only provided occasional use of the Strip during summer months.  (S.F. ¶ 49).  Additionally, Henry and Cynthia Lempicky alleged only summer uses of the Strip, and alleged the winter use of skating only since 1998. (S.F. ¶ 52).

12

Similarly, Richard Gaylord, William A. Albright, Peter Dicenso, and Lee Conaboy Dicenso only alleged the construction of a dock on their respective properties, but fail to allege the location of the dock or any use of the Strip. (S.F. ¶ 50). Ronald Smith only alleges that he maintained his property, and did not provide any actual uses of the Strip. (S.F. ¶ 51).

Furthermore, most of the "evidence" of uses of the Strip in Plaintiffs' discovery responses is in the form of photographs of the Plaintiffs using the lake. However, this can hardly be used as evidence of a continuous use of the property. Instead, a photograph necessarily captures a single moment, and is not proof that the Strip was used continuously, as required to establish a prescriptive easement.

Because the undisputed material facts demonstrate that Plaintiffs' uses of the West Shore Strip were merely casual and occasional, the Pennsylvania Supreme Court decisions in <u>Loughran</u> and <u>Miller</u> dictate that Plaintiffs' uses could not be considered continuous. Therefore, Plaintiffs' claim for a prescriptive easement over the Strip fails as a matter of law.

### 3. Plaintiffs cannot tack their use of the property onto their alleged predecessor's uses.

In order to perfect a prescriptive easement, the use must be uninterrupted for a period of twenty-one years. <u>Matakitis v. Woodmansee</u>, 667 A.2d 228, 231 (Pa. Super. 1995). "A landowner may 'tack' the period of use by his predecessor in title onto his own period in order to establish continuous possession for the required

13

929597.2

twenty-one years." <u>McCormick v. Camp Pocono Ridge, Inc. II</u>, 781 F. Supp. 328, 332 (M.D. Pa. 1991), citing <u>Lednak v. Swatsworth</u>, 33 D. & C.3d 535, 537-38 (1984).   Tacking is only permissible where privity exists between the adverse possessors by the sale of the property by each owner to his successor. <u>Id.</u>

However, in order to tack the years of a predecessor in interest to reach the 21-year requirement, there must be language in the deed conveying the inchoate property rights.  The Pennsylvania Supreme Court, in <u>Baylor v. Soska</u>, 540 Pa. 435, 658 A.2d 743, 745 (1995), held that "whenever a grantor seeks to convey an inchoate claim of adverse possession, what is required is a reference to the disputed tract or to the grantor's inchoate right." The Court explained:

> There is good reason for this requirement. Interested parties have a right to discern from the record the state of the title of any parcel of land. If tacking were to be permitted because of vague, undefined "circumstances," there could and most likely would be no way for one not a party to the conveyance to know this. But the law mandates that a person asserting a claim of adverse possession make this assertion openly and notoriously to all the world. There must be no secret that the adverse possessor is asserting a claim to the land in question.

<u>Id.</u>  "[A] deed describing boundary lines confines the premises conveyed to the area within the boundaries, and such a deed does not convey inchoate rights acquired by incompleted adverse possession.  Each predecessor must have claimed title to the property in dispute, and have purported to include it." <u>Watkins v. Watkins</u>, 775 A.2d 841, 846-47 (Pa. Super. 2001).

929597.2

As is the case with adverse possession, a person seeking to establish a prescriptive easement must make this assertion openly and notoriously to all the world, as open and notorious are also elements for establishing a prescriptive easement. See Walley v. Iraca, *supra*; Waltimyer v. Smith, *supra*. In fact, the elements of creating the two property interests are identical. Therefore, the reasoning applies to both adverse possession *and* prescriptive easements.

Indeed, the Superior Court has recently decided, in Ocirne, Inc. v. New Tees Co., L.P., 2014 WL 10979686, a copy of which is attached as Exhibit "A," that the Baylor decision applies to inchoate prescriptive easement rights. The Ocirne court affirmed a trial court's decision that the Baylor decision applies as equally to prescriptive easements as it does to adverse possession, holding:

> In Baylor v. Soska, … the Supreme Court held that whenever a grantor seeks to convey an inchoate claim of adverse possession, what is required is a reference to the disputed tract or to the grantor's inchoate right … The above principles and the reasoning upon which they are based should be equally applicable to tacking prescriptive easement claims or rights. Provco has failed to present any evidence that previous owners specifically conveyed or intended to convey any inchoate prescriptive easement rights when they conveyed the properties to Provco.

Ocirne, Inc. at *4-5. The Superior Court proceeded to affirm this reasoning, ruling, "[a]bsent objective indicia of record from which we can discern adverse use that has been passed on to Provco as successor in title, the court properly decided Provco

15

cannot tack its prior owners' use of the New Tees property to meet the requisite time to establish a prescriptive easement." Id. at *5.

Most of the Plaintiffs have not even produced the deeds to their properties (S.F. ¶ 41) and, therefore, have failed to establish that they have owned their properties and used the Strip for the required twenty-one (21) years. Several other Plaintiffs provided deeds establishing that they purchased their properties less than 21 years ago. (S.F. at ¶ 43, 44). None of these Property Owners provided the deeds of their predecessors in interest for purposes of tacking, did not establish that their predecessors used the property in the same manner, and did not establish a conveyance of any inchoate prescriptive easement claims. (S.F. ¶ 41 through 45).

None of the deeds or leases that have been produced and are annexed as exhibits to the Statement of Undisputed Material Facts include language that demonstrates the predecessor-in-interest's intent to convey any inchoate prescriptive easement rights in the West Shore Strip. In fact, many of the Plaintiffs have not even provided their deeds to determine whether the required language is present. Therefore, Pennsylvania case law and the undisputed facts of record require that Plaintiffs claims for prescriptive easement over the Strip fail as a matter of law.

## VI.   <u>CONCLUSION</u>

For the reasons set forth above, as well as in Defendants' Motion for Summary Judgment and Statement of Undisputed Material Facts, Defendants respectfully

929597.2

request that this Honorable Court enter judgment in their favor and against Plaintiffs, and damages to Defendants in an amount to be determined at trial, including reasonable attorney's fees and expenses pursuant to Section 14 of the Settlement Agreement, in an amount to be determined after hearing scheduled by the Court.

Respectfully submitted,

ROSENN, JENKINS & GREENWALD, LLP

BY:   /S/ROBERT N. GAWLAS, JR.
ROBERT N. GAWLAS JR., ESQUIRE
Atty. I.D. No. 46608
GARRY S. TAROLI, ESQUIRE
Atty. I.D. No. 30159
ROBERT L. GAWLAS, ESQUIRE
Atty. I.D. No. 323299
15 South Franklin Street
Wilkes-Barre, PA 18711-0075
rgawlas@rjglaw.com
gtaroli@rjglaw.com
(570) 826-5654 – telephone
(570) 706-3436 – facsimile

DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP

MICHAEL PROFITA
500 Frank W. Burr Blvd., Suite 31
Teaneck, NJ 07666
Telephone:  201-928-1100
Fax: 201-928-0588
MProfita@DeCotiislaw.com

Attorneys for Defendants,
Lori Dring and Nancy Asaro

17

929597.2