# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARJORIE M. GILLESPIE, *et al.*, | NO. 3:15-CV-0950 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| LORI DRING and NANCY ASARO, | |
| Defendants. | |

## **MEMORANDUM**

Presently before me is a Motion for Reconsideration (Doc. 100) filed by Plaintiffs ("Property Owners"), asking that I alter, amend, or reconsider my October 10, 2018 Order (Doc. 99) granting summary judgment to Defendants Dring and Asaro on the Property Owners' claims. Because the Property Owners have not met the standard for reconsideration, their Motion will be denied.

## I. Background

The factual background of this dispute is summarized in my October 10, 2018 Memorandum. (Doc. 98); *see Gillespie v. Dring*, No. 3:15-CV-0950, 2018 WL 4915812, at *1-2 (M.D. Pa. Oct. 10, 2018). In its accompanying Order (Doc. 99), I granted summary judgment to Dring and Asaro on the Property Owners' claims (which arose from a property dispute and subsequent settlement agreement) for breach of contract and prescriptive easements.

Back in May 2016, though, the Property Owners filed a "Motion of Plaintiffs to Require Defendants to Make an Election of Remedies." (Doc. 32). An identical motion was filed in "companion" litigation involving the same settlement agreement between Dring and Asaro (as plaintiffs) and the Ariel Land Owners (another party to the agreement, as defendant). (*See* Doc. 47 at n.1); *Dring v. Ariel Land Owners, Inc.*, 3:15-cv-00478 (M.D. Pa.). This Motion sought to force Dring and Asaro to reconcile what the Property Owners saw as an inconsistency in Dring and Asaro's positions in the two suits. (*See* Doc. 32 at 3). From the Property Owners' perspective, in this case, Dring and Asaro were arguing the

settlement agreement was not "binding;" but in the companion case, Dring and Asaro were alleging breach of contract and seeking to enforce the agreement. (*Id.*).

I denied the motions in both cases. *See Dring v. Ariel Land Owners, Inc.*, No. 3:15-CV-00478, 2016 WL 6599971 (M.D. Pa. Nov. 8, 2016). I noted two separate grounds for denying the motions: first, that the motions were premature because even if Dring and Asaro were pursuing inconsistent remedies, they did not have to choose between them until the case got to a jury, *id.* at *2; and second, that Dring and Asaro were not, in fact, pursuing inconsistent remedies, *id.* at *3-4. On the second point, I reasoned that "[t]his is not a case in which a party has initiated two different lawsuits and seeks two different remedies. . . . Dring and Asaro are not simultaneously pursuing both a claim for damages and a claim for rescission arising out of the same Agreement." *Id.* at *3.

The Property Owners, through the instant Motion for Reconsideration, are reviving the arguments they made in their earlier election of remedies motion. They argue that because the companion case has concluded, and because Dring and Asaro maintained the settlement agreement was binding in the companion case, I should not have entered judgment in favor of Dring and Asaro in this case as they effectively argued the settlement agreement was not binding. (*See* Doc. 101 at 5). Dring and Asaro should have been estopped from arguing their performance was excused, the Property Owners contend. (*Id.* at 8). For their part, Dring and Asaro argue that I already decided this issue in their favor when I denied the Property Owners' election of remedies motion. (Doc. 106 at 7).

The Motion for Reconsideration has been fully briefed and is now ripe for review.

## II. Legal Standard

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [first ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176

F.3d 669, 677 (3d Cir. 1999) (citation omitted). But, in bringing a reconsideration motion, "[p]arties are not free to relitigate issues that the Court has already decided, nor should parties make additional arguments which should have been made before judgment." *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994).

### III. Discussion

The Property Owners have not established any basis for reconsideration. The third basis is the only one relevant here as Dring and Asaro's position in the companion case is not "new evidence" that was unavailable to me when ruling on Dring and Asaro's summary judgment motion. This basis is not met because the Property Owners have not shown any clear error of law or fact or that some manifest injustice has resulted. The Property Owners' argument for reconsideration is based entirely on one case, *Wedgewood Diner, Inc. v. Good*, 534 A.2d 537 (Pa. Super Ct. 1987), (*see* Doc. 101 at 5-8), which I distinguished at length in my opinion in *Dring v. Ariel Land Owners, Inc.*:

> [U]nlike the *Wedgewood Diner* case cited by ALO, the case at hand does not present a breach of contract scenario in which a plaintiff filed one lawsuit seeking a particular remedy in Case A, and the filed a second lawsuit seeking another, allegedly inconsistent remedy, in Case B. Here, Dring and Asaro filed suit against ALO on March 10, 2015, claiming ALO breached the Settlement Agreement. The . . . Property Owners subsequently filed suit against Dring and Asaro on May 15, 2015. In the companion case [i.e., this case], Dring and Asaro are *defending themselves* against, *inter alia*, a breach of contract claim by alleging that they are not in material breach because time for performance is not yet due. Moreover, in the companion case Dring and Asaro do not assert any counterclaim or affirmative defense seeking rescission of the Agreement. Thus, contrary to ALO/[Property Owners'] contention that Dring and Asaro are attempting to accomplish exactly what the Superior Court found improper in *Wedgewood v. Good*, Dring and Asaro have not initiated two separate lawsuits arising out of the same contractual transaction. Rather, they are affirmatively seeking relief under the Agreement in Case A and defending themselves in Case B. This is not a case in which a party has initiated two different lawsuits and seeks two different remedies.

No. 3:15-CV-00478, 2016 WL 6599971, at *3 (M.D. Pa. Nov. 8, 2016) (citations

3

omitted). Nevertheless, the Property Owners continue to rely on *Wedgewood Diner*. They offer nothing new in their briefing (besides pointing out that the companion case has proceeded to judgment) so I see no reason to revisit my earlier conclusion that Dring and Asaro do not seek inconsistent remedies. Simply put, Dring and Asaro do not request, and have not requested, rescission of the settlement agreement in either case.

### IV. Conclusion

For the reasons stated above, the Property Owners' Motion for Reconsideration will be denied.

An appropriate order follows.

November 20, 2018  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge