# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARJORIE M. GILLESPIE, et al., | : |
| Plaintiffs, | : CIVIL ACTION |
| | : No. 3:15-CV-00950-MWB |
| v. | : |
| LORI DRING AND NANCY ASARO, | : |
| Defendants. | : |

## PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Plaintiffs Marjorie M. Gillespie, et al. ("**Gillespie**" or "**Plaintiffs**") hereby move for relief from the Court's judgment and orders in this case[1] because the Court lacked subject matter jurisdiction and, therefore, the Court's judgment and orders are void. *See* Fed. R. Civ. P. 60(b)(4). The only basis for the Court's subject matter jurisdiction was diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1332. However, all plaintiffs were not diverse from all defendants at the time the Complaint was filed. When the Complaint was filed, both defendants were citizens of New Jersey and Plaintiff Robert J. Clauss also was a citizen of New Jersey, a fact that was disclosed on the face of the Complaint but not noted by

---

[1] Plaintiffs especially seek relief from the Court's orders dated October 10, 2018 [ECF No. 99], April 23, 2019 [ECF No. 114], and October 17, 2019 [ECF No. 136].

either counsel or the Court.[2]  Attached hereto as Exhibit A is a true and correct copy of a Declaration by Robert J. Clauss.

For the reasons set forth in Plaintiffs' Brief in support of this Motion, which will be subsequently filed pursuant to Local Rule 7.5, the Court's judgment and orders are void because the Court never had subject matter jurisdiction over this action.

**WHEREFORE**, for the reasons set forth above and for the reasons to be set forth in their Brief, incorporated herein in full, Plaintiffs respectfully request that the Court grant its Motion for Relief from Judgment and dismiss this action in its entirety.

[remainder of page intentionally left blank]

---

[2] Defendants were informed of this jurisdictional defect and of Plaintiffs' intention to move for relief from the judgment no later than September 21, 2020.  At that time, the parties were engaged in settlement discussions being mediated by the Hon. Robert Mazzoni of the Court of Common Pleas of Lackawanna County.  On October 23, 2020, counsel for Defendants reported that settlement was not achievable.  It should be noted that the Stevens & Lee firm was not engaged in this matter until July 2020.

|  |  |
|---|---|
| Dated: October 29, 2020 | **STEVENS & LEE, P.C.**<br><br>By: /s/ *Thomas I. Vanaskie*<br>   Thomas I. Vanaskie (Id. No. 29063)<br>   Peter J. Adonizio, Jr. (Id. No. 325990)<br>   425 Spruce Street, Suite 300<br>   Scranton, PA  18503<br>   Phone:  (570) 969-5360<br>   Fax:  (610) 371-7360<br>   tiv@stevenslee.com<br>   pja@stevenslee.com<br><br>*Attorneys for Plaintiffs*<br>*Marjorie M. Gillespie, et al.* |