UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARJORIE M. GILLESPIE, et al., | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | No.  15-CV-00950 |
| v. | : | |
| | : | |
| LORI DRING AND NANCY ASARO, | : | |
| | : | |
| Defendants. | : | |
| | : | |

PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION FOR RELIEF FROM JUDGMENT

Sometimes, glaring facts evade detection.  The glaring fact that evaded detection in this case was that the defendants were citizens of the same state as one of the plaintiffs, precluding the exercise of jurisdiction by this Court.

The first inquiry when an action is brought in federal court is whether the case falls within the court's authority to decide it.  As Justice Scalia observed in *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998):

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868).  "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without

> respect to the relation of the parties to it." *Great Southern Fire Proof Hotel Co. v. Jones,* [177 U.S. 449, 453 (1900)]. The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884).

Regretfully, this threshold inquiry on subject matter jurisdiction was not made either by the Court or by the parties, even though the lack of jurisdiction was patent on the face of the Complaint.

Undersigned counsel only became involved in this matter very recently. A close reading of the Complaint revealed that, at the time the action was brought, there was not diversity of citizenship because one of the plaintiffs, Robert J. Clauss, was a citizen of New Jersey, and both defendants were citizens of New Jersey. The original Complaint [ECF No. 1] lists, "Robert J. Clauss, 800 Forest Avenue, Apartment 11A, Westfield, NJ 07090," on page 13. On page 14, the Complaint lists Defendants Lori Dring and Nancy Asaro ("**Dring**" or "**Defendants**") as residing in Oak Ridge, NJ and Wayne, NJ, respectively. Despite Plaintiffs' own erroneous averment at Paragraph 1 of the Complaint – "The Plaintiffs . . . are all . . . citizens, residents, and domiciliaries of states other than New Jersey" – Mr. Clauss was in fact a New Jersey citizen and resident when the Complaint was filed. Therefore, the Court never had subject matter jurisdiction

SL1 1665482v1 114592.00001

over this action and the Court thus lacked authority to issue its orders and

judgment in this case.

Absence of jurisdiction can be brought up at any time while the action

remains pending, and can even be raised by the party who sought to invoke the

Court's limited subject matter jurisdiction.  *Frett-Smith v. Vanterpool*, 511 F.3d

396, 398 n.3 (3d Cir. 2008).  Because it is indisputable that diversity jurisdiction

was not present when this action was brought, Plaintiffs Marjorie M. Gillespie, *et*

*al.* ("**Gillespie**" or "**Plaintiffs**") are constrained to now move pursuant to Rule

60(b)(4) of the Federal Rules of Civil Procedure for relief from the judgment and

orders in this case and dismissal of the case in its entirety.

## I.      PROCEDURAL HISTORY AND STATEMENT OF FACTS

For decades, the parties to this suit, along with a non-party, Ariel Land

Owners, Inc. ("**ALO**"), have litigated property disputes at and near Lake Ariel, in

Wayne County, Pennsylvania.  On May 15, 2015, Plaintiffs, 117 individual owners

of property along the western shore of Lake Ariel, brought the underlying suit

against Defendants for breach of a settlement agreement entered into to resolve

previous litigation (the "**Settlement Agreement**").  Plaintiffs claim that

Defendants, siblings who own a narrow strip of land (approximately 2 ½ feet wide)

– the West Shore Strip – between the Plaintiffs' property and the waters of the

lake,[1] failed to fulfill their contractual obligation to grant Plaintiffs an easement over the northern part of the western shore of Lake Ariel (the "**West Shore Strip**").  In addition, Plaintiffs brought a claim for a prescriptive easement over the West Shore Strip.

Plaintiffs filed an Amended Complaint on November 24, 2015.  [ECF No. 22].  On December 23, 2015, Defendants answered Plaintiffs' Amended Complaint and asserted a counterclaim for trespass.  [ECF No. 25].  Both parties also sought attorneys' fees and costs pursuant to the Settlement Agreement.  After three years of litigation, on October 10, 2018, the Court granted summary judgment in favor of Defendants and directed the Clerk to mark the case closed.  [ECF No. 99].  However, the Defendants' counterclaim remained undecided.  When this fact was brought to its attention, the Court, on October 29, 2018, directed the Clerk to reopen the case.  [ECF No. 104].

In an effort to supply the necessary finality to the summary judgment ruling so that an appeal could be taken, the parties submitted and the Court entered on April 23, 2019 a Stipulated Order whereby Defendants' counterclaim was voluntarily dismissed without prejudice.  [ECF No. 114].  The parties also agreed

---

[1] This strip of land lies between the low water and high water marks of Lake Ariel.  The remaining lake bed was adjudicated to be owned by ALO in a decision affirmed by the U.S. Court of Appeals for the Third Circuit, *Ariel Land Owners, Inc. v. Dring*, 374 F. App'x 346, 350 (3d Cir. 2010).

SL1 1665482v1 114592.00001

that Defendants would still proceed on their request for attorneys' fees and costs.

[*Id.*].  On October 17, 2019, the Court granted in part and denied in part

Defendants' Application for attorneys' fees and costs.  [ECF No. 136].  Plaintiffs

have appealed both the order granting summary judgment in favor of Defendants

and the order awarding Defendants attorneys' fees and costs.  [*See* ECF Nos. 115

& 137].

Despite the extensive litigation to date, the Court never properly had subject

matter jurisdiction over this case.  It is undisputed that, at the time the Complaint

was filed, Defendants were citizens of New Jersey.  [*Compare* Am. Compl., ECF

No. 22, ¶¶ 4–5, *with* Defs.' Answer, ECF No. 25, ¶¶ 4–5 (admitting that

Defendants are New Jersey citizens)].  At the time the Complaint was filed,

Plaintiff Robert J. Clauss was also a citizen of New Jersey.[2]  [*See* Declaration of

Robert J. Clauss, attached to Plaintiffs' Motion as Exhibit A].  Although Mr.

Clauss had owned property at Lake Ariel since around 1986, Mr. Clauss had been

a resident of New Jersey since 1988.  [*Id.* at ¶ 4].  Mr. Clauss lived and worked in

New Jersey.  [*Id.*].  Mr. Clauss filed and paid income taxes in New Jersey.  [*Id.* at ¶

7].  Mr. Clauss voted in New Jersey, and maintained a New Jersey driver's license.

---

[2] As noted above, undersigned counsel became involved in this matter for the first time in the summer of 2020.  When the jurisdictional defect was noticed, undersigned counsel informed the newly retained counsel for Defendants of the issue.  At the time, the parties were pursuing mediation.  The mediation was concluded on October 23, 2020, and the Plaintiffs' Rule 60 motion was filed on October 29, 2020.

SL1 1665482v1 114592.00001

[*Id.* at ¶¶ 5–6].  Mr. Clauss was physically present in New Jersey and intended

New Jersey to be his domicile; thus, he was a New Jersey citizen.  [*Id.* at ¶ 8].  It

was not until August 2015, after Mr. Clauss's son went off to college, that Mr.

Clauss decided to move to his Lake Ariel property full time.  [*Id.* at ¶ 9].  He did

not renew his apartment lease in New Jersey, which expired in September 2015.

[*Id.* at ¶ 10].  Per his pay stubs, Mr. Clauss paid income tax in New Jersey through

August 22, 2015.  [*Id.* at ¶ 7].  In September 2015, Mr. Clauss physically moved

out of his Westfield, New Jersey apartment.  [*Id.* at ¶ 11].  On September 16, 2015,

Mr. Clauss submitted an official change of address application with the United

States Postal Service.  [*Id.* at ¶ 12].

## II.   ARGUMENT

### A.  Legal Standard

Rule 60(b) allows a court, "[o]n a motion and just terms, [to] relieve a party

or its legal representative from a final judgment, order, or proceeding for the

following reasons: . . . (4) the judgment is void."  Fed. R. Civ. P. 60(b)(4).  Relief

under Rule 60(b) is "an extraordinary remedy and may be granted only upon a

showing of exceptional circumstances."  *S. Annville Twp. v. Kovarik*, No. 1:13-

CV-01780, 2015 WL 4638218, at *2 (M.D. Pa. Aug. 4, 2015), *aff'd in part*, 651 F.

App'x 127 (3d Cir. 2016) (citing *In re Fine Paper Antitrust Litig.*, 840 F.2d 188,

194 (3d Cir. 1988)).  However, "a court deciding a motion brought under Rule

60(b)(4) 'has no discretion because a judgment is either void or it is not.'" *On Track Transp., Inc. v. Lakeside Warehouse & Trucking Inc.*, 245 F.R.D. 213, 215 (E.D. Pa. 2007) (citing *Fafel v. Diapaola*, 399 F.3d 403, 409–10 (1st Cir. 2005) (quotation omitted)).

"Rule 60(b) [] provides an 'exception to finality,' that 'allows a party to seek relief from a final judgment, and request reopening of his case under a limited set of circumstances,'" such as when a judgment is void. *Jakks Pac., Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191, 196 (D.D.C. 2017), *aff'd*, 727 F. App'x 704 (D.C. Cir. 2018) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269–70 (2010) (quotation omitted)).  Courts may look beyond the pleadings in considering a motion under Rule 60(b), "and may make factual findings, as necessary to determine jurisdiction." *Id.* (citing *St. Paul Fire & Marine Ins. Co. v. Univ. Builders Supply*, 409 F.3d 73, 82 (2d Cir. 2005)).

"'[T]he district court has no discretion [in ruling on a 60(b)(4) motion], the judgment is either void or it is not.'" *Recreational Props., Inc. v. Sw. Mortgage Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986) (citation omitted).  On appeal of motions for relief under Rule 60(b)(4), Courts of Appeals conduct a plenary, *de novo* review. *Page v. Schweiker*, 786 F.2d 150, 152 (3d Cir. 1986).  Indeed, "[u]nder Rule 60(b)(4)[,] a deferential standard of review is not appropriate because if the underlying judgment is void, it is a *per se* abuse of discretion for a

SL1 1665482v1 114592.00001

district court to deny a movant's motion to vacate the judgment under Rule

60(b)(4)." *Cent. Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 189 (2d Cir.

2003) (citation omitted).

**B. Federal Courts Only Have Authority to Adjudicate Cases Within Their Constitutional or Statutory Grant of Subject Matter Jurisdiction**

"It is fundamental that federal courts must have subject matter jurisdiction

before reaching the merits of a case." *GBForefront, L.P. v. Forefront Mgmt. Grp.,*

*LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citing *Zambelli Fireworks Mfg. Co. v. Wood*,

592 F.3d 412, 418 (3d Cir. 2010)). Constitutional or statutory limits upon federal

jurisdiction "must be neither disregarded nor evaded." *Owen Equip. & Erection*

*Co. v. Kroger*, 437 U.S. 365, 374 (1978). Indeed, "federal courts are without

power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of

jurisdiction." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254,

1256 (3d Cir. 1977).

If a federal court lacks subject matter jurisdiction it "must immediately

dismiss the action and, in fact, is powerless to do otherwise." *In re Cmty. Bank of*

*N. Virginia Mortg. Lending Practices Litig.*, 954 F. Supp. 2d 360, 380 (W.D. Pa.

2013). As the U.S. Court of Appeals for the District of Columbia Circuit has

explained, "judgments in excess of subject-matter jurisdiction are not voidable, but

8

simply void."  *Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1180 (D.C. Cir. 2013) (internal citation and quotation marks omitted).

When a federal court's jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332, the case must involve complete diversity:  "the presence . . . of a single plaintiff from the same state as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citations omitted).  "It is axiomatic that the federal judiciary's diversity jurisdiction depends on complete diversity between all plaintiffs and all defendants."  *See Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995).  Citizenship of the litigants is considered at the time of commencement of the suit, because, as Justice Scalia explained, jurisdiction "depends upon the state of things at the time of the action brought."  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004) (citing *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)).

"[N]either the convenience of litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction to a plaintiff's cause of action against a citizen of the same State in a diversity case."  *Kroger*, 437 U.S. at 377.  Put simply, without subject matter jurisdiction at the inception of litigation, this Court lacked authority to adjudicate this action.

SL1 1665482v1 114592.00001

### C. Subject Matter Jurisdiction Can be Challenged for the First Time on Appeal and Can be Challenged by a Plaintiff and/or Judgment Loser

Unlike personal jurisdiction, litigants cannot consent to subject matter jurisdiction or waive a defect in subject matter jurisdiction. *Carlsberg*, 554 F.2d at 1255. "[A] court's subject-matter jurisdiction cannot be expanded to account for the parties' litigation conduct." *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004). Thus, a district court should *sua sponte* raise the issue of lack of subject matter jurisdiction if the parties do not. *Carlsberg*, 554 F.2d at 1255.

A party can challenge subject matter jurisdiction "at any point before final judgment, even if challenged for the first time on appeal." *In re Kaiser Grp. Int'l Inc.*, 399 F.3d 558, 565 (3d Cir. 2005) (citing *Grupo*, 541 U.S. at 567). Subject matter jurisdiction can even be challenged by the party who originally invoked it, *Rubin v. Buckman*, 727 F.2d 71, 74 (3d Cir. 1984), or a "judgment loser." *Frett-Smith*, 511 F.3d at 398 n.3. As Chief Judge Smith in *Frett-Smith* explained:

> "A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance." *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884) (challenge to a federal court's subject matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question sua sponte)); *Capron v. Van Noorden*, 2 Cranch 126, 127, 2 L.Ed. 229 (1804) (judgment loser successfully raised lack of diversity jurisdiction for the first time before the Supreme Court); Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by

10

> suggestion of the parties or otherwise that the court lacks
> jurisdiction of the subject matter, the court shall dismiss
> the action.").

*Id.*  Moreover, as Justice Scalia observed, "all challenges to subject matter jurisdiction premised upon diversity of citizenship [are measured] against the facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Grupo*, 541 U.S. at 570 (citing *Capron*, 2 Cranch 126, 2 L.Ed. 229).  "Diversity is to be determined at the time the complaint is filed." *Frett-Smith*, 511 F.3d at 399 n.4 (citation omitted).

After a judgment has been entered, a motion under Rule 60(b)(4) is the proper method for challenging a court's subject matter jurisdiction.  "Relief under 60(b)(4) is appropriately sought when [a] judgment is void.  A judgment can be voided . . . if the rendering court lacked subject matter jurisdiction . . . ." *Constr. Drilling, Inc. v. Chusid*, 131 F. App'x 366, 372 (3d Cir. 2005) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2862); *see also Hrobuchak v. Fed. Ins. Co.*, No. CIV.A. 3:10-0481, 2013 WL 2291875, at *5 (M.D. Pa. May 24, 2013) (citing *Marshall v. Bd. of Ed., Bergenfield, N. J.*, 575 F.2d 417, 422 (3d Cir. 1978) ("A judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter . . . .") (citations omitted)).  There is no time limit for moving to vacate a judgment as void under Rule 60(b)(4) because,

11

"no passage of time can transmute a nullity into a binding judgment." *On Track Transp.*, 245 F.R.D. at 215 (citing *United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000)).

### D. The Court Never Had Subject Matter Jurisdiction Over This Action Because Plaintiff Robert J. Clauss was a New Jersey Citizen When the Complaint was Filed

Applied here, the Court must grant Plaintiffs' Rule 60(b)(4) motion because it never had subject matter jurisdiction.  As explained above, subject matter jurisdiction was premised on diversity jurisdiction under 28 U.S.C. § 1332, yet not all Plaintiffs were diverse from all Defendants.  Like Defendants, Plaintiff Robert J. Clauss was a New Jersey citizen when this case was initiated.

An individual's citizenship for diversity jurisdiction purposes is determined by the individual's domicile. *GBForefront*, 888 F.3d at 34.  An individual's domicile "is his true, fixed and permanent home and place of habitation.  It is the place to which, whenever he is absent, he has the intention of returning." *Patterson v. Amazon*, No. 1:18-CV-01482, 2019 WL 2502565, at \*2 (M.D. Pa. Jan. 17, 2019), *report and recommendation adopted*, No. 1:18-CV-01482, 2019 WL 2502324 (M.D. Pa. Apr. 15, 2019) (citing *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973))).  "To acquire a domicile, a person must be physically present in a state *and* intend to remain in that state." *Pierro v. Kugel*, 386 F. App'x. 308, 309 (3d

12

Cir. 2010) (emphasis in original).  In addition, there is a "presumption of continuing domicile," whereby an individual retains her domicile until she (1) is physically present in a new state, and (2) intends to remain there.  *Garcia-Mones v. Groupo Hima San Pablo, Inc.*, 875 F. Supp. 2d 98, 101 (D.P.R. 2012) (citing *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008)); *see also Hamlin v. Holland*, 256 F. Supp. 25, 27 (E.D. Pa. 1966) ("There is ordinarily a presumption in favor of an original or former domicile as against an acquired one and proof of a change must be clear and convincing.").

In addition to physical presence in a state, evidence of an individual's intent include:  "establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."  *Bell v. Pleasantville Hous. Auth.*, 443 F. App'x. 731, 734–35 (3d Cir. 2011) (citation omitted).  Other indicia of domicile include voting and obtaining a driver's license.  *Krasnov v. Dinan*, 333 F. Supp. 751, 752 (E.D. Pa. 1971), *supplemented*, 339 F. Supp. 1357 (E.D. Pa. 1972), *and aff'd*, 465 F.2d 1298 (3d Cir. 1972).

Here, when the Complaint was filed in May 2015, Mr. Clauss was domiciled in, and thus a citizen of, New Jersey.  As explained above, although Mr. Clauss was periodically in Pennsylvania because he owned property at Lake Ariel, he had been domiciled in New Jersey since 1988.  [Ex. A at ¶ 4].  He lived and worked in

13

New Jersey [*id.*]; filed and paid income taxes in New Jersey [*id.* at ¶ 7]; voted in New Jersey; and maintained a New Jersey driver's license. [*Id.* at ¶¶ 5–6]. Mr. Clauss was most frequently physically present in New Jersey and intended New Jersey to be his domicile; thus, he was a New Jersey citizen. [*Id.* at ¶ 8]. He did not form an intent to change his domicile until August 2015, three months after this action was brought, when Mr. Clauss's son went off to college. [*Id.* at ¶ 9]. Mr. Clauss then moved to his Lake Ariel property full time. [*Id.* at ¶ 11].

Importantly, at no time prior to the filing of the Complaint in May 2015 – the operative date for domicile/citizenship purposes – did Mr. Clauss intend to change his domicile. Prior to August 2015, he always intended to, and did, in fact, return to New Jersey, his then "true, fixed and permanent home and place of habitation." *McCann*, 458 F.3d at 286. Therefore, Mr. Clauss was clearly a New Jersey citizen at the time this action was initiated.

The Supreme Court's decision in *Grupo* is instructive in cases such as this one, where extensive litigation has occurred over many years before a jurisdictional defect is brought to light. In *Grupo*, the Court reiterated that "the time-of-filing rule [applies] regardless of the costs it imposes." 541 U.S. at 571. The Court considered that dismissing that case after more than 6 ½ years of litigation may result in "an almost certain replay of the case, with, in all likelihood, the same ultimate outcome." *Id.* at 581 (quotation omitted). Nevertheless, the

14

Court reversed the Court of Appeals' decision, which reversed the District Court's dismissal for lack of subject matter jurisdiction, because the Court determined that complete diversity did not exist at the time the complaint was filed.  *Id.* at 582. This Court must come to the same result here.

## III.   CONCLUSION

It is indisputable that this Court never had subject matter jurisdiction over this action because not all Plaintiffs were diverse from all Defendants at the time the action was initiated.  Because the Court lacked subject matter jurisdiction, the Court's judgment and orders are void and legal nullities.  As such, the Court must grant Plaintiffs' Motion for Relief from Judgment under Rule 60(b)(4).

Dated:  November 11, 2020                **STEVENS & LEE, P.C.**

By: /s/ *Thomas I. Vanaskie*
    Thomas I. Vanaskie (Id. No. 29063)
    Peter J. Adonizio, Jr. (Id. No. 325990)
    425 Spruce Street, Suite 300
    Scranton, PA  18503
    Phone:  (570) 969-5360
    Fax:  (610) 371-7360
    tiv@stevenslee.com
    pja@stevenslee.com

*Attorneys for Plaintiffs*
*Marjorie M. Gillespie, et al.*

15

SL1 1665482v1 114592.00001