IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAJORIE M. GILLESPIE, *et al.*, | No. 3:15-CV-00950 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| LORI DRING and NANCY ASARO, | |
| Defendants. | |

MEMORANDUM OPINION

AUGUST 2, 2021

I.   BACKGROUND

Currently pending before this Court is Plaintiffs' motion for relief from judgment under Federal Rule of Civil Procedure 60.  Upon consideration of the same, the Court does not believe that it currently has jurisdiction to rule on that motion.  Thus, pursuant to Federal Rule of Civil Procedure 62.1, I now issue a statement that the motion raises a substantial issue.

II.   DISCUSSION

   A.   **The Underlying Litigation and the Pending Appeals**

In May 2015, Marjorie M. Gillespie and approximately one hundred other individual property owners filed a lawsuit against Lori Dring and Nancy Asaro.  This was the latest in decades of litigation over property rights along the shores of Lake Ariel in northeastern Pennsylvania.  My late colleague, the Honorable A.

Richard Caputo was assigned the matter, and after more than three years of litigation, he granted summary judgment in favor of Dring and Asaro in October 2018.  Two notices of appeal were filed, in May 2019 and November 2019.  After Judge Caputo's death, I was reassigned the matter in March 2020, while the appeals were pending.

In October 2020, new counsel for Plaintiffs entered their appearances on the District Court docket.  They also filed a motion for relief from judgment under Rule 60.  In short, Plaintiffs argued that one of the individual property owners (Robert Clauss) was not diverse from Dring and Asaro.  According to Plaintiffs, this Court never had subject matter jurisdiction over the action, and every order and judgment entered by Judge Caputo was void.  They effectively seek to undo all of the preceding litigation and the pending appeal.  Defendants vigorously opposed that motion.  They claimed that any jurisdictional defect was subsequently cured by the filing of an amended complaint, and that even if it was not, the Court could sever the single nondiverse plaintiff (Clauss) to retain jurisdiction over the matter.

At around the same time, Plaintiffs filed a motion on the docket of the United States Court of Appeals for the Third Circuit.  They asked the Circuit to stay the appeal pending adjudication of the Rule 60 motion pending before this Court.  At first, the Third Circuit denied the motion to stay, but upon a motion for reconsideration by Plaintiffs, subsequently granted the motion.  The Third Circuit's order did not, however, specifically *remand* the matter back to this Court.

### B. This Court Does Not Have Authorization to Efficiently Dispose of the Rule 60 Motion

"As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."[1] Here, there is no question that notices of appeal have been filed; those appeals are currently pending (though stayed) before the Third Circuit. This Court retains authority to address only a limited number of issues.[2]

Federal Rule of Civil Procedure 62.1 outlines the procedure for when a "timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending."[3] It "is a procedural device that permits the District Court to issue an 'indicative' decision on a motion for relief, notwithstanding a pending appeal."[4]

The Advisory Committee Notes to Rule 62.1 acknowledge that "[a]fter an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand."[5] The motion pending before me raises a substantial issue that cannot easily be decided without a remand order from the Third Circuit that would allow this Court to address all arguments raised in

---

[1] *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985).
[2] *See id.* n.2.
[3] Fed. R. Civ. P. 62.1(a).
[4] *Mandalapu v. Temple Univ. Hosp., Inc.*, 796 Fed. Appx. 152, 153 n.2 (3d Cir. 2020).
[5] Fed. R. Civ. P. 62.1 2009 Advisory Committee Notes.

briefing. And as noted, the Third Circuit's order did not explicitly remand the case to this Court for that purpose. The order stayed the appeal "pending adjudication" of the Rule 60 motion. But Rule 62.1 allows this Court to adjudicate the motion without further permission from the Court of Appeals only in limited circumstances.[6] A District Court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."[7] The District Court "retains jurisdiction to consider and deny, but not grant," a Rule 60(b) motion.[8]

The first option speaks for itself. Alternatively, the Court could deny the motion. And this is something that this Court could theoretically do without a remand order from the Circuit. But Defendants' arguments add an additional wrinkle to that consideration. Defendants point out that Clauss had changed domiciles by the time an amended complaint was filed and argue that this change cured whatever jurisdictional defect there may have been at the inception of the matter. This raises legal questions regarding the interplay between at least two

---

[6] I do not interpret the order from the Court of Appeals as remanding the case to this Court. Therefore, out of an abundance of caution, I turn to Rule 62.1 to advance the litigation.
[7] *Id*.
[8] *Judkins v. HT Window Fashions Corp.*, 704 F.Supp.2d 470, 498 (W.D. Pa. 2010) (citing *United States v. Contents of Accounts Numbers 3034504504 and 144–07143 at Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 971 F.2d 974, 988 (3d Cir. 1992)).

decisions by the Supreme Court of the United States.[9] Second, they claim that even if diversity jurisdiction must be predicated on the state of affairs as of the filing of the action, severing Clauss would preserve jurisdiction and respect the desire for finality and judicial economy.

Hypothetically, the Court could deny Plaintiffs' motion based on Defendants' first argument without a problem. But denying the motion by severing Clauss might be an overstep by this Court. The Court could only deny the motion on that ground by taking an additional action – severing Clauss – that is unclear this Court has the authority to take, given the pending appeal and the correspondingly limited jurisdiction of this Court at the moment. Put differently, because this Court has been divested of jurisdiction by the filing of the notices of appeal, I will not consider severing Clauss without clear direction from the Third Circuit that this Court has jurisdiction to do so.

Likewise, granting the motion is currently off-limits. When a District Court determines that it would grant the motion, it must state so, and allow the Court of Appeals to decide whether to remand for that purpose. Finally, the Court has the

---

[9] *Compare Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought. This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.") (cleaned up) *with Rockwell Intern. Corp. v. U.S.*, 549 U.S. 457, 473-74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.").

option of indicating that the motion raises a substantial issue.  I will do just that.  It is clear to me that most of the potential outcomes of this motion would benefit from a clear remand and statement from the Court of Appeals as to this Court's jurisdiction to decide the motion as noted above.[10]

## III. CONCLUSION

The Court finds that Plaintiffs' motion under Rule 60(b) raises a substantial issue pursuant to Rule 62.1.  Plaintiffs must promptly notify the circuit clerk in accordance with Federal Rule of Appellate Procedure 12.1.[11]  The District Court will decide the motion if the United States Court of Appeals for the Third Circuit remands for that purpose.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[10]  The Court simply notes for the parties that the Court of Appeals may decide that a ruling from the District Court might not, in fact, be helpful to the ultimate resolution of the matter, given: (1) the purely legal questions posed; and (2) the fact that regardless of which way this Court rules, the losing party will almost undoubtedly appeal that decision back to the Court of Appeals.  As the Advisory Committee Notes to Federal Rule of Appellate Procedure 12.1 acknowledge, "[r]emand is in the court of appeals' discretion."

[11]  Plaintiffs should also append a copy of this memorandum opinion and the accompanying Order to their notice to the circuit clerk.